# Brady, Executor, *v.* Wilkes-Barre, Appellant.

*Road law—Change of grade of street—Remedy—Amendment—Act of May* 16, 1891—*Pending actions.*

Plaintiff owned a corner lot. The grade of both adjoining streets was changed in 1887. In 1888, a common law action was brought to recover damages for the change of grade, but only one street was mentioned in the declaration. In 1892, an amendment was allowed so as to include the other street in the declaration. *Held,* that the act of May 16, 1891, P. L. 75, which provides that the remedy in such a case shall be by a jury of view, did not prevent the amendment or deprive the court of jurisdiction in this case.

Argued April 9, 1894. Appeal, No. 1, Jan. T., 1894, by defendant, from judgment of C. P. Luzerne Co., May T., 1888,

No. 543, on verdict for plaintiff, John Brady, executor of Margaret Brady, deceased. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for damages caused by a change of grade of streets adjoining plaintiff's property.

At the trial it appeared that plaintiff owned a lot at the corner of Chestnut and Main streets, in the city of Wilkes-Barre. In 1887, the grade of both streets was changed, suit was brought to May term, 1888, and the statement was filed May 28, 1889, claiming damages for change of grade on Chestnut street only. On Jan. 12, 1892, the original statement was amended, extending the claim for damages also for change of grade on Main street.

Verdict for plaintiff. The defendant filed the following reason in arrest of judgment:

" That the court and jury had no jurisdiction over the question of damages for change of grade on Main street, because at the time of amendment the only remedy, in the first instance, for the recovery of damages for change of grade on Main street was by proceeding before a jury of view, under the provisions of the act of May 16, 1891, P. L. 75, and that therefore the court and jury had no jurisdiction over the question of damages done by change of grade on Main street in front of the plaintiff's premises."

Judgment on verdict. Defendant appealed.

*Error assigned* was above order.

*William S. McLean,* for appellant, cited: Acts of May 16, 1891, P. L. 75; March 21, 1806, § 19, Purd. 59; Koch v. Williamsport Water Co., 65 Pa. 288; R. R. v. McLanahan, 59 Pa. 23; Phila. v. Merklee, 159 Pa. 515; Phila. v. Bradfield, 159 Pa. 517; Phelps's Ap., 98 Pa. 546; 12 A. & E. Ency L. 301; and cases cited in note 2; Musselman's Ap., 101 Pa. 165; Fidelity Trust Co.'s Ap., 11 W. N. 266; Fowler v. Eddy, 110 Pa. 117; Cottrell v. Thompson, 3 Green (N. J.) 344.

*D. L. O'Neill, W. H. Hines* with him, for appellee, cited: Kershaw v. Phila., 27 W. N. 342; Reading v. Althouse, 930 Pa

400; Chambers v. Borough, 140 Pa. 519; Clark v. Herring, 5 Binn. 35; Miles v. O'Hara, 1 S. & R. 32; Cunningham v. Day, 2 S. & R. 1; Pusey v. Allegheny, 98 Pa. 527; Rees v. Emerick, 6 S. & R. 286; Smith v. Shuler, 12 S. & R. 240; Aycinena v. Peries, 6 W. & S. 257.

PER CURIAM, April 23, 1894:

The property of the decedent was situated at the corner of Chestnut and Main streets in the city of Wilkes-Barre. The grade of both streets was changed in 1887. This action to recover for the damages sustained by reason of such change of grade was brought in 1888, but Chestnut street alone was mentioned in the declaration. In 1892 an amendment was allowed so as to include Main street in the declaration, and thus cover the entire injury suffered by the plaintiff by reason of the change of grade. The act of Sixteenth of May, 1891, P. L. 75, which provides for the appointment of viewers in such cases, did not prevent the amendment or deprive the court of jurisdiction in this case.

The motion in arrest of judgment was rightly overruled and the judgment is affirmed.